# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAKE CHARLES DIVISION

| | | |
|---|---|---|
| THE UNOPENED SUCCESSION OF SOPHIA OLSEN MOUNT, DALE B. MOUNT AND BARBARA T. MOUNT | : | DOCKET NO. 06-2122 |
| VS. | : | JUDGE MINALDI |
| ALLSTATE INSURANCE COMPANY | : | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

On September 25, 2006, The Unopened Succession of Sophia Olsen Mount et al (hereinafter "Mount Succession et al") filed the instant suit in the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana. Made defendant is Allstate Insurance Company (hereinafter "Allstate"). The Mount Succession et al allege that Sophia Olsen Mount owned a home that was substantially damaged as a result of Hurricane Rita (Petition ¶ 4 [doc. 1]) and that Allstate was homeowner Sophia Olsen Mount's insurer (*id.* at ¶ 3). The Mount Succession et al further alleges that demand was made on Allstate for repairs of damages to the premises and that Allstate, though liable to the insured, failed to pay for the repairs to the home in bad faith (*id.* at ¶¶ 6-8). Accordingly, the Mount Succession et al seek to recover all damages and expenses sustained by the Petitioners, plus penalties and attorney's fees pursuant to Louisiana Revised Statutes 22:658 and 22:1220, and legal interest on the entire sums awarded from the date of judicial demand, plus all costs of these proceedings.

On November 9, 2006, Allstate removed the case to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. On December 18, 2006, plaintiff filed the instant motion to

remand [doc. # 10] on grounds that the requisite threshold amount for the exercise of diversity jurisdiction ($75,000+) is lacking. Allstate filed an Opposition to Motion to Remand on December 29, 2006, arguing that the Mount Succession et al petition failed to allege that their damages are insufficient for the amount in controversy for federal jurisdiction, as required by Louisiana Code of Civil Procedure article 893(A)(1), and that it is facially apparent that Plaintiffs' claims exceed the jurisdictional amount. The matter is now before the court.[1]

In cases removed to federal court on the basis of diversity, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold of $75,000. The Fifth Circuit requires that "[t]he defendant . . . make this showing in either of two ways: (1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by setting forth facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount.'" *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999) (citing, *Luckett v. Delta Airlines, Inc.*, 171 F.3d. 295 (5th Cir. 1999)); *DeAguilar v. Boeing Co.*, 47 F.3d 1404 (5th Cir. 1995).

In Louisiana state court cases, plaintiffs are generally prohibited from alleging a monetary amount of damages in the petition. La. Code Civ. P. Art. 893(A)(1) (as amended by Acts 2004, No. 334). However, if the claim seeks less than the requisite amount for the exercise of federal jurisdiction, plaintiffs are usually required to so allege in the petition. *Id.* Here, the petition contains no such limitation. However, this requirement does not apply to a "suit on a **conventional obligation**, promissory note, open account, or other negotiable instrument, for

---

[1] The motion to remand has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A)

2

alimony or child support, on a tax claim, or in a garnishment proceeding." La. Code Civ. P. Art. 893(B) (as amended by Acts 2004, No. 334) (emphasis added). Insurance policies are contracts, and as such, are conventional obligations. Since this is a suit on an insurance policy Plaintiff is not required to allege that the damages sought fall below the federal jurisdictional amount threshold in order to prevent removal.

Allstate argues in its removal petition that it is facially apparent from Mount Succession et al's claim for repairs for the "substantial damages from Hurricane Rita" that their petition meets the jurisdictional prerequisite because "substantial damages" implicates recovery to the extent of the limits of the insurance policy on the covered premises. Allstate states that those limits exceed the jurisdictional requirement. (*See,* Notice of Removal ¶¶ 10, 11 [doc. 3-2]). They argue further that the Plaintiffs never attempted to limit their amount of recovery or put a cap on their damages, which further implicates the jurisdictional minimum. (*See,* Opposition to Motion to Remand, pp. 3-4 [doc. 12]). Finally, they allege that if the Plaintiffs are awarded penalties and attorneys' fees, those amounts added to the insurance policy limits would "swell the amount in controversy beyond $75,000." (*Id.* at p. 5).

The Mount Succession et al has made no claim that its losses extend to the limits of their insurance coverage, and nothing in their petition makes if "facially apparent" that the claims equal or exceed the requisite amount in controversy. In fact, Allstate sought a stipulation from the Plaintiffs that their claim had a value of less than $75,000 because "[i]t is difficult to determine the damages sought . . . in this suit." (Donald R. Smith to Benjamin W. Mount, October 31, 2006, Letter [doc. 4-3]).

Allstate alleges that payments have already been made on Mount Succession et al's claim

totaling $10,671.38 (*id.* at p.6), which they would be entitled to credit against any judgment (*see*, Answer With Affirmative Defenses, Third Defense [doc. 6]).  If so, that amount would not be included in any calculation of the jurisdictional minimum.  Furthermore, while Allstate suggests that any penalties or attorneys' fees would add a substantial amount to a damage award, it admits that the penalties, should there be any, would be calculated as a fraction of the damages, and that there is no standard method for determining the cost of attorneys' fees which might be awarded. (Opposition to Motion to Remand, pp. 4-5 [doc. 12]).  Therefore the facts alleged by Plaintiffs do not make it "facially apparent" that the jurisdictional minimum is satisfied, nor are the facts alleged in the Removal Petition nor any exhibit offered by Allstate sufficient to show the requisite amount in controversy.

Accordingly, the undersigned finds that defendant has not established by a preponderance of evidence that the amount in controversy exceeds $75,000. We may not properly exercise diversity jurisdiction.  28 U.S.C. § 1332.

For the foregoing reasons,

IT IS RECOMMENDED that plaintiffs' motion to remand [doc. # 10] be GRANTED.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN**

ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, on January 26, 2007.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE